IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LAURA PARROTT ON BEHALF OF HERSELF AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>    Plaintiffs,<br><br>v.<br><br>D.C.G., INC., d/b/a THE LODGE and DAWN M. RIZOS,<br><br>    Defendants. | § § § § § § § § § § § § § | Civil Action No. 3:19-CV-1718-N |

## MEMORANDUM OPINION AND ORDER

This Memorandum Opinion and Order addresses Defendants D.C.G., Inc. d/b/a The Lodge ("The Lodge") and Dawn M. Rizos's (collectively, "Defendants") Rule 12(b)(1) motion to dismiss or to stay and compel arbitration. For the reasons below, the Court orders the parties to proceed to arbitration if they wish to litigate the claims and exercises its discretion to dismiss this case without prejudice.

### I. ORIGINS OF THE DISPUTE

This dispute arose from the employment relationship between Plaintiff Laura Parrott ("Parrott"), a dancer, and The Lodge, a Dallas nightclub employing Parrott. Defs.' Mot. Dismiss or Compel Brief 1–2 [10]. On July 18, 2019, Parrott filed this class action lawsuit claiming that The Lodge had violated the Fair Labor Standards Act ("FLSA") by first misclassifying her and similarly situated personnel as independent contractors rather than employees and then denying them minimum wages required by FLSA. *Id.* at 2. The Lodge

ORDER – PAGE 1

filed this Rule 12(b)(1) motion to dismiss or to stay and compel arbitration, arguing that Parrott signed a contract with an arbitration clause requiring arbitration of any employment disputes and waiving the right to bring a class or collective action lawsuit.

## II. LEGAL STANDARDS

### A. Subject Matter Jurisdiction Standard

Federal court subject matter jurisdiction is circumscribed by Article III and requires both constitutional and statutory authorization. U.S. Const. art. III, § 2; *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998). A court properly dismisses a case where it lacks the constitutional or statutory power to decide it. *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998).

A Rule 12(b)(1) movant may challenge subject matter jurisdiction through either a facial attack, which challenges the sufficiency of the pleadings, or a factual attack, which provides evidentiary materials in addition to the motion. *Rodriguez v. Tex. Comm'n on the Arts*, 992 F. Supp. 876, 878 (N.D. Tex. 1998). In determining whether subject matter jurisdiction exists, courts may consider "(1) the complaint alone; (2) the complaint supplemented by the undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981). Plaintiff bears the burden of proof in the Rule 12(b)(1) context, but a court should grant the motion "only if it appears certain that the plaintiff cannot prove a set of facts in support of his claim that would entitle

plaintiff to relief." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (internal citation omitted).[1]

### B. Motion to Compel Arbitration

The Federal Arbitration Act requires district courts to compel arbitration if they determine that there is a valid arbitration agreement encompassing the issues in dispute. 9 U.S.C. § 3; *see also Haliburton Energy Servs., Inc. v. Ironshore Specialty Ins. Co.*, 921 F.3d 522, 530 (5th Cir. 2019). In considering whether to order a dispute to arbitration, courts "are limited to determinations regarding [1] whether a valid agreement to arbitrate exists and [2] the scope and enforcement of the agreement." *Gulf Guar. Life Ins. Co v. Conn. Gen. Life. Ins. Co.*, 304 F.3d 476, 486 (5th Cir. 2002). Arbitration may not be compelled, however, if the claims are nonarbitrable under a federal statute or policy. *JP Morgan Chase & Co. v. Conegie ex rel Lee*, 492 F.3d 596, 598 (5th Cir. 2007). Courts apply state contract law to determine whether the arbitration agreement is valid and the claims are within its scope, and the party seeking to compel arbitration bears the burden of establishing these elements. *Haliburton Energy Servs., Inc.*, 921 F.3d at 530–31.

### III. THE COURT EXERCISES ITS DISCRETION TO DISMISS PARROTT'S CLAIMS

### A. The Court has Subject Matter Jurisdiction

As a threshold matter, The Lodge contends that this Court lacks subject matter jurisdiction over Parrott's FLSA claims because Parrott signed a valid arbitration

---

[1] Although the Supreme Court has abrogated this standard in the Rule 12(b)(6) context, *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), courts still use this verbiage in the Rule 12(b)(1) context.

agreement committing all claims arising from her employment with The Lodge to arbitration. In support of this argument, The Lodge relies on Fifth Circuit precedent upholding dismissals of cases where all claims fell within the scope of valid arbitration agreements. *Fedmet Corp. v. M/V Buyalyk*, 194 F.3d 674, 678–79 (5th Cir. 1999); *Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992). The Court does not find The Lodge's reading of caselaw to be persuasive.

The Fifth Circuit opinions do not specify whether dismissal was premised on lack of subject matter jurisdiction. While one of the dismissals the Fifth Circuit upheld was without prejudice, similar to a Rule 12(b)(1) dismissal, the Fifth Circuit stated that district courts have the "discretion" to dismiss when all claims are arbitrable and that it reviews dismissals under an abuse of discretion standard. *Fedmet Corp.*, 194 F.3d at 677 ("We have previously held that district courts have discretion to dismiss cases in favor of arbitration under 9 U.S.C. 3."); *Alford*, 975 F.2d at 1164. Because lack of subject matter jurisdiction requires a federal court to dismiss a case, the Court does not read these opinions as standing for the proposition that a district court lacks subject matter jurisdiction over claims falling within the scope of an arbitration agreement. The language of the FAA supports this reading, as it does not require dismissal and even mandates that a court stay a case during arbitration where the claims are arbitrable.[2] The Court thus denies the Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction.

---

[2] Section 3 states as follows: "If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, *upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement,*

ORDER – PAGE 4

### B. Parrott's Claims are Within the Scope of a Valid Arbitration Agreement

**1. The arbitration agreement is properly authenticated and admissible.**

Parrott's initial objection to The Lodge's motion to compel arbitration is directed to the admissibility of the alleged arbitration agreement The Lodge submitted with its motion. Parrott contends that this Court may not consider that document in deciding this motion because The Lodge did not submit a declaration affirming that it is an authenticated copy of the arbitration agreement. Parrott also contends that the document is inadmissible hearsay. The Court rejects these arguments and determines that it may consider the document in deciding the motion to compel arbitration.

When it filed its motion to compel arbitration, The Lodge attached a copy of the arbitration agreement that was part of the contract Parrott allegedly signed at the outset of her employment with The Lodge but did not include a declaration authenticating the arbitration agreement at the time. The Lodge did provide a declaration by a sworn affiant with its reply brief, as well as the arbitration agreement it had included with its motion and the entire contract from which the arbitration agreement was excerpted. The declaration attested to the authenticity of the arbitration agreement and the contract that The Lodge submitted. Under Federal Rule of Evidence 901(b)(1), the testimony of The Lodge's

---

***shall*** on application of one of the parties ***stay*** the trial of the action until such arbitration ***has been had*** in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration." 9 U.S.C. § 3 (emphasis added).

ORDER – PAGE 5

affiant and custodian of its records is sufficient to authenticate the document as constituting an accurate copy of the arbitration agreement.[3]  FED. R. EVID. 901(b)(1).

Further, the arbitration agreement is not inadmissible hearsay because "[s]igned instruments, such as wills, contracts, and promissory notes are writings that have independent legal significance, and are nonhearsay." *Kepner-Tregoe, Inc. v. Leadership Software, Inc.*, 12 F.3d 527, 540 (5th Cir. 1994) (asserting that a contract is a "verbal act" with "legal reality independent of the truth of any statement contained in it"); *see also Levy v. McGill*, 137 F. App'x 613, 616 (5th Cir. 2004) (holding that an asset purchase agreement was admissible to show that a deed of trust had been assigned to a party).

**2. The arbitration agreement is valid and enforceable.**  The Court next must determine whether the admissible document produced by The Lodge evinces a valid arbitration agreement.  Parrott does not dispute that the arbitration agreement satisfies the elements for a contract under Texas law or suggest that she did not sign it.[4]  Instead, she argues that the agreement is void for illegality and unconscionability.  These arguments are

---

[3] There is no requirement under Rule 901 that evidence produced to authenticate a document be produced simultaneously with the document attached to a party's motion and initial briefing.  FED. R. EVID. 901(a), (b).

[4] The Court holds that the arbitration agreement in this case satisfies the elements for a binding contract.  Under Texas law, a contract exists if there is "(1) an offer; (2) an acceptance in strict compliance with the terms of the offer; (3) a meeting of the minds; (4) each party's consent to the terms; and (5) execution and delivery of the contract with intent that it be mutual and binding.  *In re Capco Energy, Inc.*, 669 F.3d 274, 279–80 (5th Cir. 2012) (internal quotation omitted).  The arbitration agreement within the parties' contract contains a mutual promise that each party will arbitrate "any disputes" arising from their employment relationship and was signed by both parties without any apparent reservation.  Defs.' Reply Appx. Ex. B 8, 10 [17.2].

ORDER – PAGE 6

largely based on the same underlying premise — that one of the arbitration clause's provisions is at odds with mandatory FLSA provisions. Because the arbitration agreement is subject to a severability clause and the offending portions of the clause may be severed, the Court holds that the arbitration agreement is neither illegal nor unconscionable.

The FAA requires district courts to apply state contract law to determine whether an arbitration agreement is valid. *Papalote Creek II, LLC v. Lower Co. River Authority*, 918 F.3d 450, 454 (5th Cir. 2019). Under Texas law, a contract is void for illegality if its terms require a party to violate state or federal law. *In re OCA, Inc.*, 552 F.3d 413, 422 (5th Cir. 2008) (citing *Miller v. long-Bell Lumber Co.*, 222 S.W.2d 244, 246 (Tex. 1949)). A severability clause may save a contract containing an illegal provision, however, if that provision is not an essential part of the contract. *Id.* at 423–24.

Here, the arbitration clause provides that each party must bear its own attorneys' fees and arbitration costs and stipulates that the arbitrators will not have authority to award attorneys' fees to the prevailing party in an arbitration. Defs.' Mot. Dismiss or Compel Appx. Ex. A 2 [11.1]. The FLSA, in contrast, authorizes district courts to award attorneys' fees to prevailing plaintiffs. 29 U.S.C. § 216(b) ("The court in such action *shall*, in addition to any judgment awarded to the plaintiff or plaintiffs, *allow a reasonable attorney's fee to be paid by the defendant*, and costs of the action.") (emphasis added); *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983) ("[A] prevailing plaintiff should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust.") (internal quotations omitted). The Supreme Court has held that FLSA rights may not be contractually abridged or waived. *Barrentine v. Arkansas-Best Freight Sys., Inc.*, 450 U.S. 728, 740 (1981)

ORDER – PAGE 7

("[W]e have held that FLSA rights cannot be abridged by contract or otherwise waived because this would nullify the purposes of the statute.") (internal quotations omitted). Consequently, Parrott argues that the arbitration agreement amounts to an impermissible waiver of Parrott's FLSA rights — specifically, the right to recover attorneys' fees if she prevails — and is thus void for illegality.

The Court agrees that the arbitration agreement as written does violate the federal statutory provision for an award of attorneys' fees under FLSA. At minimum, FLSA authorizes courts to award prevailing parties attorneys' fees. *Hensley*, 461 U.S. at 429. A mandatory arbitration provision categorically stripping arbitrators of authority to award fees to a prevailing party runs afoul of this provision. *See Coronado v. D.N.W. Houston, Inc.*, 2015 WL 5781375, at *9 (S.D. Tex. 2015) ("Attorneys' fees are mandatory in FLSA actions for plaintiffs who prevail on their claims for unpaid minimum wage or overtime compensation").

The inquiry does not end here, however. The employment contract containing the arbitration agreement also contains a severability clause that provides as follows:

> If any provision of this agreement or the application thereof to any person or circumstance shall, for any reason and to whatever extent, be invalid or unenforceable, the remainder of this Agreement and the application of such provision to the other person or circumstance shall not be affected thereby, but rather shall be enforced to the greatest extent permitted by law. In the event that any term, paragraph, subparagraph, or portion of this Agreement is declared to be illegal or unenforceable, this Agreement shall, to the greatest extent possible, be interpreted as if that provision was not a part of this Agreement; *it being the intent of the parties that any illegal or unenforceable portion of this Agreement, to the extent possible, be severable from this Agreement as a whole.* Nevertheless, in the circumstance of a judicial, arbitration, or administrative determination that the business relationship between Licensee and the Club is something other than that of landlord and

ORDER – PAGE 8

> tenant, the relationship between Licensee and the Club shall be controlled by the provisions of this Agreeement.

Defs.' Reply Ex. B 7 [11.2] (emphasis added).  Courts may sever illegal provisions of a contract if they are not an essential part of the contract.  *Venture Cotton Co-op v. Freeman*, 435 S.W.3d 222, 230 (Tex. 2014).  "In determining an agreement's essential purpose, the issue is whether or not parties would have entered into the agreement absent the unenforceable provision."  *Id.* (internal quotation omitted).  Texas law requires courts to give effect to the intent of the parties and to consider the entirety of the document in question "to harmonize and give effect to all the provisions of the contract so that none will be rendered meaningless."  *Huckaba v. Ref-Chem, L.P.*, 892 F.3d 686, 698 (5th Cir. 2018) (internal quotation omitted).

Applying those principles to this agreement, the Court holds that the provision prohibiting arbitrators from awarding attorneys' fees to the prevailing party is not essential to the contract and may be severed.  Read in its entirety, the contract primarily displays an intent to avoid litigation, particularly the class litigation Parrott has initiated.  The arbitration clause itself spans nearly an entire page of the contract, and the paragraphs in that clause that waive the right to litigation or participation in class and collective actions are bolded and capitalized for emphasis.  Defs.' Reply Appx. Ex. B 8 [17.2].  The provision regarding attorneys' fees awards, in contrast, comprises just one sentence of that clause; is not bolded, capitalized, or otherwise highlighted; and is not discussed in any other portion of the contract.  *Id.*  Other provisions governing the conduct in arbitration — such as the right to subpoena or cross-examine witnesses — are bolded and capitalized, which further

ORDER – PAGE 9

suggests that the fee award provision is less central to the agreement. *Id.* The primary goal of avoiding litigation, particularly class litigation, is not frustrated if a minor provision regarding attorneys' fees awards is struck from the agreement. Thus, the Court severs the provision prohibiting the arbitrators from awarding attorneys' fees to the prevailing party and holds that the contract, without this provision, does not violate FLSA and is not void for illegality.

Likewise, the arbitration agreement is not unconscionable. Texas law prohibits contracts that are substantively or procedurally unconscionable. *In re Olshan Foundation Repair Co., LLC*, 328 S.W.3d 883, 892 (Tex. 2001). Substantive unconscionability relates to the fairness of the arbitration agreement terms. *Id.* An agreement is substantively unconscionable if "the clause is so one-sided that it is unconscionable under the circumstances existing when the parties made the contract." *In re FirstMerit Bank, N.A.*, 52 S.W.3d 749, 757 (Tex. 2001). A contract is also unconscionable if it precludes a litigant from vindicating its federal statutory rights. *Green Tree Fin. Corp.-Ala. v. Randolph*, 531 U.S. 79, 90 (2000); *In re Olshan Foundation Repair Co., LLC*, 328 S.W.3d at 892. The party seeking to invalidate the agreement bears the burden of proof. *See In re Haliburton Co.*, 80 S.W.3d 566, 572 (Tex. 2002).

Here, Parrott asserts that the agreement is unconscionable because it precludes her from vindicating her FLSA claims for two reasons: the provision does not authorize the arbitrators to award attorneys' fees to the prevailing party in contravention of FLSA, and it imposes substantial costs such that she will be precluded from vindicating her federal rights. Arbitration agreements structuring awards of attorneys' fees outside that provided

ORDER – PAGE 10

by FLSA's scheme have been found unconscionable for violating FLSA. *See Andrio v. Kennedy Rig Servs., LLC*, 2017 WL 6034125, at *5 (S.D. Tex. 2017) (collecting cases). As discussed above, however, this provision is severable. Thus, it does not support unconscionability.

Although an arbitration agreement may be found unconscionable if it imposes substantial costs on one of the parties such that it prevents vindicating statutory rights, the contesting party still must prove the likelihood that it will incur prohibitive costs. *Green Tree Fin. Corp.-Ala.*, 531 U.S. at 92. A bare assertion that the costs are prohibitive is insufficient. *See In re Olshan Foundation Repair Co., LLC*, 328 S.W.3d at 895 ("Evidence that merely speculates about the risk of possible cost is insufficient."). In this case, Parrott has merely asserted that the arbitration clause's requirement that she pay half the arbitration costs and fees is unconscionable because she does not have sufficient resources to afford this. Pltf.'s Resp. Mot. Dismiss or Compel Ex. A 1–2 [13.1]. Parrot has not produced a reliable cost estimate, testimony as to the likely expense of arbitration, or any other evidence that would provide the Court a basis to ascertain the actual costs and fees she would incur. *See In re Olshan Foundation Repair Co., LLC*, 328 S.W.3d at 895 ("[P]arties must at least provide evidence of the likely cost of their particular arbitration, through invoices, expert testimony, reliable cost estimates, or other comparable evidence."). Consequently, the Court holds that she has not carried her burden of establishing that the cost of arbitration would be substantial or prohibitive for her. The arbitration agreement is thus not void for unconscionability on either of the grounds Parrott proffers.

**3. The arbitrators have authority to determine whether Parrott's FLSA claims are within the scope of the arbitration agreement.** The Fifth Circuit has characterized arbitration clauses as either "broad" or "narrow." *Pennzoil Exploration & Prod. Co v. Ramco Energy Ltd.*, 139 F.3d 1061, 1067 (5th Cir. 1998). "Simply stated, a court should compel arbitration, and permit the arbitrator to decide whether the dispute falls within the clause, if the clause is 'broad.'" *Sedco, Inc. v. Petroleos Mexicanos Mexican Nat'l Oil Co.*, 767 F.2d 1140, 1145 n.10 (5th Cir. 1985) (internal quotation omitted). The Fifth Circuit construes an arbitration clause as "broad" when it contains "any dispute" language. *Complaint of Hornbeck Offshore (1984) Corp.*, 981 F.2d 752, 755 (5th Cir. 1993); *see also Boudoin v. Mid-Louisiana Anesthesia Consultants, Inc.*, 306 F. App'x 188, 192 (5th Cir. 2009). When a contract uses broad language in an arbitration clause, only "the most forceful evidence of a purpose to exclude the claim from arbitration" may override the presumption that the dispute is arbitrable. *Papalote Creek II, LLC*, 918 F.3d at 455 (internal quotation omitted).

Here, the arbitration clause in question states that "*any disputes* under this Agreement, as well as any disputes that may have arisen at any time during the relationship between the parties" are subject to arbitration. Defs.' Reply Appx. Ex. B 8 [11.2] (emphasis added). This language qualifies the arbitration agreement as "broad." Because there is no countervailing evidence overriding this general provision in the context of FLSA claims, much less the forceful evidence required by the Fifth Circuit, the Court holds that Parrott's claims are not clearly outside the scope of the agreement and must be referred to arbitration.

ORDER – PAGE 12

CONCLUSION

The Court severs the provision in the arbitration clause prohibiting arbitrators from awarding attorneys' fees and holds that Parrott's claims are subject to a valid arbitration agreement in the absence of this provision.  Consequently, the Court orders the parties to proceed to arbitration if they wish to litigate these claims.  Because all Parrott's claims are subject to arbitration, the Court further exercises its discretion to dismiss this case without prejudice.[5]

Signed April 14, 2020.

_____
David C. Godbey
United States District Judge

---

[5] "If all of the issues raised before the district court are arbitrable, dismissal of the case is not inappropriate." *Fedmet Corp.*, 194 F.3d at 678.

ORDER – PAGE 13